UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00158-FDW

| | |
|---|---|
| RONNIE D. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

THIS MATTER is before the Court on Plaintiff Ronnie D. Jones's Motion for Attorney's Fees (Doc. No. 19). Defendant responded in opposition (Doc. No. 21), and Plaintiff filed a reply (Doc. No. 22). For the reasons below, the Court DENIES Plaintiff's motion.

Plaintiff moves for attorney's fees under the Equal Access to Justice Act ("EAJA"), codified at 28 U.S.C. § 2412(d). The Equal Access to Justice Act provides that:

> [A] court shall award to a prevailing party[,] other than the United States [,] fees and other expenses . . . incurred by that party in any civil action . . . against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner objects to Plaintiff's motion, arguing that the Commissioner's position before this Court was "substantially justified" within the meaning of the EAJA. The applicable law governing the parties' dispute is well-settled in the Fourth Circuit:

> The Act does not define the term "substantially justified." The Supreme Court has recognized, however, that the substantial-justification test is one of "reasonableness in law and fact." Pierce v. Underwood, 487 U.S. 552, 564–65, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). That is, "[t]he Government's position is substantially justified if it is . . . 'justified to a degree that could satisfy a reasonable person.'" Cody v. Caterisano, 631 F.3d 136, 141 (4th Cir. 2011) (quoting Pierce, 487 U.S. at 565, 108 S.Ct. 2541). Of course, the Government need not prevail in an action for its position

1

to have been substantially justified. Rather, the Government will avoid paying fees as long as "a reasonable person could [have thought]" that its litigation position was "correct." Pierce, 487 U.S. at 566 n. 2, 108 S.Ct. 2541.

"[In] determining whether the [G]overnment's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [G]overnment acted reasonably in causing the litigation or in taking a [particular] stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993).

> In doing so, it is appropriate to consider the reasonable overall objectives of the [G]overnment and the extent to which the alleged governmental misconduct departed from them.... Although an unreasonable stance taken on a single issue may ... undermine the substantial justification of the [G]overnment's position, that question can be answered only by looking to the stance's effect on the entire civil action. [Thus,] while a party may become a "prevailing party" on a single substantive issue ..., it does not automatically follow that the [G]overnment's position in the case as a whole is not substantially justified.

Id.

The Government bears the burden of proving substantial justification in the first instance. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Once the district court has determined the propriety of a fee, [the Court of Appeals] review[s] its decision for an abuse of discretion. Hyatt v. Barnhart, 315 F.3d 239, 245 (4th Cir. 2002).

Meyer v. Colvin, 754 F.3d 251, 255 (4th Cir. 2014). The district court should consider the case "as a whole," including whether the Commissioner advanced correct arguments on one or more issues. See Meyer, 754 F.3d at 256 ("In determining whether the Commissioner advanced a reasonable litigation position, we must consider the case as a whole, and here, the Commissioner was right on one of two important issues." (citation omitted)).

Here, this Court specifically declined Plaintiff's request for a reversal, but instead remanded this matter to the Administrative Law Judge ("ALJ") for clarification of an issue not squarely raised or argued by the parties in the pleadings before this Court. (Doc. No. 17, p. 11).

2

As part of its ruling, however, the Court specifically found, as argued by the Commissioner, that several of the challenged ALJ determinations were supported by substantial evidence in the record. (Doc. No. 17, pp. 6-9). The Court also declined to address two assignments of error put forth by Plaintiff. (Doc. No. 17, p. 11). Considering this case as a whole, including the basis for the Court's decision, as well as the reasonable positions put forth by the Commissioner in its pleadings before the Court (Docs. Nos. 15, 16, 21), the Court finds the Commissioner was substantially justified and did not act unreasonably in defending the ALJ's decision. Accordingly, Plaintiff's Motion for Attorney's Fees is DENIED.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees (Doc. No. 19) is DENIED.

IT IS SO ORDERED.

Signed: October 23, 2017

Frank D. Whitney
Chief United States District Judge